

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-21-2008

# Shah v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5078

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Shah v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1553.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1553

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-5078

NILESH KAMAR SHAH,
                                                    Petitioner

v.

ALBERTO R. GONZALES,
Attorney General of the United States,
                                                    Respondent

On Petition for Review of an Order
of the Board of Immigration Appeals
(No. A77-699-780)
Immigration Judge: Hon. Henry S. Dogin

Submitted Under Third Circuit LAR 34.1(a)
February 1, 2008

Before: RENDELL and CHAGARES, Circuit Judges
POLLAK,[*] District Judge

(Filed: February 21, 2008)

OPINION

_____

[*]Honorable Louis H. Pollak, Senior United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.

POLLAK, <u>District Judge</u>

Nilesh Kamar Shah petitions for review of the Board of Immigration Appeals' ("BIA") order of November 17, 2006, denying his motion to reopen and reconsider. For the reasons given below, his petition will be denied.

## I.

Petitioner, a native and citizen of India, entered the United States without inspection in 1999. He was ordered removed *in absentia* in 2001. In 2004, he successfully moved to reopen the proceeding. At a subsequent hearing before an immigration judge ("IJ"), he conceded removability. He applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), arguing that he would be subject to persecution and torture in India on account of his Hindu faith. The IJ found petitioner's testimony not credible and ordered his removal on October 8, 2004. Shah appealed, and the BIA affirmed on July 17, 2006. Shah moved for reconsideration and reopening. On November 17, 2006, the BIA denied that motion. Shah has petitioned this court for review of the BIA's order of November 17, 2006.

## II.

We review the denial of a motion to reconsider and reopen for abuse of discretion. *See Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir. 2004). "Under the abuse of discretion standard, the Board's decision must be reversed if it is arbitrary, irrational, or contrary to law." *Sevoian v. Ashcroft*, 290 F.3d 166, 175 (3d Cir. 2002) (internal quotation marks

2

omitted). We review *de novo* questions of law, including whether a petitioner's right to due process was violated. *See Mudric v. Att'y Gen.*, 469 F.3d 94, 98 (3d Cir. 2006).

III.

Petitioner makes two claims of error with regard to the denial of his motion to reopen and reconsider.[1]

A.

First, petitioner contends that the BIA denied him due process of law and abused its discretion because the BIA refused to consider the evidence petitioner submitted in support of his motion on the ground that the evidence was "time-barred."

Under 8 C.F.R. § 1003.2(c)(1), a motion to reopen "shall not be granted unless it appears to the Board that evidence sought to be offered . . . was not available and could not have been discovered or presented at the former hearing." *See Caushi v. Att'y Gen.*, 436 F.3d 220, 231 (3d Cir. 2006).

The BIA did not fail to consider the evidence presented by petitioner. The BIA's opinion discusses the evidence in detail, concluding that the evidence was not properly presented in a motion to reopen because it could have been discovered or presented at

---

[1] Petitioner has petitioned for review only of the BIA's denial of his motion to reopen and reconsider. Because petitioner did not petition for review of the BIA's order of July 17, 2006, dismissing his appeal of the IJ's denial of relief, we lack jurisdiction to review that order. *See* 8 U.S.C. § 1252(b); *Stone v. INS*, 514 U.S. 386, 404-06 (1995). Accordingly, we cannot consider petitioner's contention that the BIA erred in that order in affirming the IJ's adverse credibility determination.

3

petitioner's 2004 hearing. Petitioner does not identify errors in the BIA's determination that the evidence could have been presented in 2004; nor are any such errors apparent. Accordingly, we find no merit in petitioner's challenge, on this ground, to the BIA's denial of his motion to reopen and reconsider.[2]

B.

Second, petitioner contends that the BIA denied him due process of law "since he was never given the opportunity to present his case to a judge prior to the original order being entered" in 2001, *in absentia* and allegedly without notice to petitioner. This argument is without merit, because petitioner was not removed on the basis of the 2001 order of removal. Rather, following the reopening of his case in 2004, petitioner was given a full and fair opportunity to present evidence on his own behalf at a hearing held on October 8, 2004. Petitioner, represented by counsel, conceded removability and presented evidence in support of his applications for relief. His petition will therefore be denied on this ground as well.

---

[2] Petitioner does not contend that 8 C.F.R. § 1003.2(c)(1) is itself unconstitutional.