**JEREMY MICHAEL CHCIUK-DAVIS, Appellant/Defendant**
**v.**
**PEOPLE OF THE VIRGIN ISLANDS, Appellee/Plaintiff**

S. Ct. Criminal No. 2011-0019

Supreme Court of the Virgin Islands

August 6, 2012

NIZAR A. DEWOOD, ESQ., The DeWood Law Firm, St. Croix, USVI, K. GLENDA CAMERON, ESQ., Law Offices of K. G. Cameron, St. Croix, USVI, *Attorneys for Appellant.*

BERNARD M. VANSLUYTMAN, ESQ., Solicitor General, St. Thomas, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; SWAN, *Associate Justice*; and HODGE, Designated Justice.[1]

## OPINION OF THE COURT

(August 6, 2012)

HODGE, *Chief Justice*. Jeremy Michael Chciuk-Davis pled guilty to voluntary manslaughter and the trial court sentenced him to ten years incarceration. He now appeals his sentence, arguing that the trial court violated his due process rights by failing to adequately individualize his sentence. We are satisfied, however, that the trial court considered all the aggravating and mitigating factors presented by both parties and tailored the sentence imposed to the circumstances surrounding Chciuk-Davis's conviction. Therefore, we affirm the judgment and commitment of the Superior Court.

## I. STATEMENT OF RELEVANT FACTS AND PROCEDURAL POSTURE

In an information dated July 1, 2008, Chciuk-Davis was charged with first degree murder, second degree murder, first degree robbery, grand larceny, leaving the scene of an accident, and destruction of property. These charges arose from a traffic incident that occurred outside a nightclub in St. Croix. In the early morning hours of June 8, 2008, Chciuk-Davis stopped his car in the middle of the street outside of a nightclub in St. Croix while he waited to pick up a friend. While stopped in the street waiting for his friend to exit the nightclub, Dale Hendricks pulled up behind Chciuk-Davis's vehicle. Hendricks, who could not get past Chciuk-Davis's vehicle while it was stopped in the middle of the street, began honking his horn and revving his engine. Chciuk-Davis failed to move, however, and Hendricks drove his truck into the back of Chciuk-Davis's vehicle. The parties then exited their vehicles and began a heated argument. Virgil Williams, a bystander to the incident, interceded

---

[1] Associate Justice Maria M. Cabret has been recused from this matter. The Honorable Verne A. Hodge, a retired Presiding Judge of the Superior Court, sits in her place by designation pursuant to title 4, section 24(a) of the Virgin Islands Code.

and attempted to defuse the situation. But while he was trying to separate Chciuk-Davis and Hendricks, Chciuk-Davis was able to step away from Williams and punch Hendricks, which caused him to fall to the ground. Williams pushed Chciuk-Davis back and told him to back up. He then went to check on Hendricks and discovered that he was unconscious. A few moments later, while Williams was on the phone with a 9-1-1 operator, Chciuk-Davis returned to where Hendricks was lying unconscious and began "stomping" him. (J.A. 214.) He then reached down and ripped off a chain that was around Hendricks's neck. He also went to Hendricks's vehicle, removed his keys and phone, and threw them all into a tree. Then Chciuk-Davis returned to his vehicle and drove away. Hendricks died a short time later as a result of the assault.

Chciuk-Davis was arrested and charged with first degree murder, second degree murder, first degree robbery, grand larceny, leaving the scene of an accident, and destruction of property. Initially he pled not guilty to the charges, and a jury trial commenced on December 6, 2010. During the course of the trial, however, Chciuk-Davis entered into a plea agreement with the People whereby he agreed to plead guilty to voluntary manslaughter, a lesser included offense of second degree murder, in exchange for the People moving to dismiss the remaining charges against him with prejudice. After determining at his change of plea hearing that Chciuk-Davis was competent to plead guilty, and that he had entered into the plea agreement voluntarily and with the advice of counsel, the trial court asked the People to proffer a factual basis upon which this plea was based. In response, the People proffered:

> [S]hould this case have gone further to trial, the [People] would have proved that, beyond a reasonable doubt, that on the island of St. Croix, on or about the 11th of June, 2008, the defendant struck Dale Hendricks in the head.
>
> We would have brought — there would be evidence that after he struck him in the head the victim, Dale Hendricks, went to the ground, that he was nonresponsive on the ground, and that in the heat of passion, the defendant then came to Dale Hendricks, struck him multiple times while he was down which caused swelling of the brain and caused his death.

(J.A. 609-10.) After the People proffered these facts, the trial court asked Chciuk-Davis "[d]o you agree or disagree with what he said?" (J.A. 610.)

Chciuk-Davis responded "I agree." The trial court then accepted the guilty plea, and on February 23, 2011, the trial court orally sentenced Chciuk-Davis to ten years incarceration, the maximum sentence under 14 V.I.C. § 925(a). These events were subsequently memorialized in a March 17, 2011 Judgment and Commitment. Chciuk-Davis filed a timely notice of appeal on March 3, 2011.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

Title 4, section 32(a) of the Virgin Islands Code gives this Court "jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." Since the Superior Court's March 17, 2011 Judgment and Commitment constitutes a final judgment, this Court possesses jurisdiction over Chciuk-Davis's appeal. *See, e.g., Browne v. People*, 56 V.I. 207, 216 (V.I. 2012) (recognizing that in a criminal case, a written judgment embodying the adjudication of guilt and the sentence imposed based on that adjudication constitutes a final judgment for purposes of 4 V.I.C. § 32(a)).

Our standard of review in examining the Superior Court's application of law is plenary, while findings of fact are reviewed only for clear error. *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007). "Generally, this Court will not review a sentence which falls within the bounds prescribed by the applicable statute. In that regard, the trial court's sentencing determination will be interfered with only upon a showing of illegality or abuse of discretion." *Brown v. People*, 56 V.I. 695, 699 (V.I. 2012) (quoting *Cheatham v. People*, S. Ct. Crim. No. 2008-0026, 2009 V.I. Supreme LEXIS 22, at *4 (V.I. 2009) (unpublished)).

### B. The Sentence

Chciuk-Davis argues that the trial court violated his due process rights by failing to properly consider all the facts and circumstances surrounding Hendricks's death. He thus contends that he did not receive a sentence "adequately individualized" to the specific facts of his case.[2] We disagree.

---

[2] In making this argument, Chciuk-Davis challenges numerous statements made by the trial court at sentencing as being either erroneous or speculative. Each of the disputed statements, however, is factually supported by the record. Instead, it appears that Chciuk-Davis is simply

■ This Court has previously recognized that when a trial court exercises its discretion in sentencing a defendant, due process permits and requires it to take into account all aggravating and mitigating factors. *See Beaupierre v. People*, 55 V.I. 623, 633 (V.I. 2011) (citing *Williams v. Oklahoma*, 358 U.S. 576, 585-86, 79 S. Ct. 421, 3 L. Ed. 2d 516 (1959)). "[T]he sentencing process is not wholly immune from judicial review. The punishment must fit the convict as well as the crime." *Karpouzis v. Gov't of the V.I.*, 58 F. Supp. 2d 635, 638, 41 V.I. 179 (D.V.I. App. Div. 1999) (relying on *Williams*, 358 U.S. at 585-86). "[E]ven after conviction the due process clause imposes some significant restraint to assure the essential fairness of the procedure by which a judge shall exercise discretion in fixing punishment within permissible limits." *Id.* (quoting *United States ex rel. Collins v. Claudy*, 204 F.2d 624, 628 (3d Cir. 1953)). "[T]rial judges must 'tailor the sentence imposed to the circumstances surrounding each individual defendant.' " *Id.* (quoting *United States v. Thompson*, 483 F.2d 527, 529 (3d Cir. 1973)). The trial court, however, is not required to exhaustively discuss its reasons for imposing a particular sentence. Acknowledgment by the trial court that it has considered the parties' arguments can be sufficient, in the context of the complete record in a given case, to satisfy an appellate court that the sentencing court has considered all aggravating and mitigating factors and has a reasoned basis for exercising its own legal decision-making authority. *United States v. McGarity*, 669 F.3d 1218, 1263 (11th Cir. 2012) (citing *Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 168 L. Ed. 2d 203 (2007)).

■■ At Chciuk-Davis's sentencing, the trial court stated, "I have read the presentence report in this matter and I've listened to the arguments of both counsel and I've listened to your words, [Chciuk-Davis], and that of the family of the deceased . . . and I have read the multitude of letters that have been submitted both on behalf of yourself and on behalf of the victim." (J.A. 654.) The trial court further stated that "[m]y job is to attempt to do three things in imposing a sentence: Punishment, rehabilitation and deterrence" and "a sentence has to be fashioned that fits that individual." (J.A. 655.) The trial court then sentenced Chciuk-Davis to the maximum sentence under 14 V.I.C. § 925(a), ten years

---

arguing that the trial court should have accepted the mitigating factors proffered by him at sentencing and imposed a lesser sentence. Accordingly, these contentions do not justify disturbing the sentence imposed.

incarceration. Based on these statements, which acknowledge that the trial court considered the parties' arguments prior to entering its sentence, we are satisfied that the trial court considered all the aggravating and mitigating factors presented by both parties and tailored the sentence imposed to the circumstances surrounding Chciuk-Davis's conviction.[3] Chciuk-Davis's contention to the contrary must therefore be rejected.

## C. Applicability of Federal Rule of Criminal Procedure 32

■ Chciuk-Davis also argues that his sentence failed to comport with the requirements of Rule 32 of the Federal Rules of Criminal Procedure. Specifically, he argues that the trial court failed to consider the factors enumerated under 18 U.S.C. § 3553[4] in imposing his sentence. Federal Rule of Criminal Procedure 32, however, is not applicable to Superior Court proceedings.

---

[3] At sentencing, the trial court stated: "Now, whether you intended to kill [Hendricks] or not, nobody knows; and that's not before me other than the fact you took actions that caused this person to depart this earth." (J.A. 658.) Chciuk-Davis relies on this language throughout his brief to argue that he should not have been sentenced to the maximum sentence for voluntary manslaughter — ten years incarceration. Specifically, he argues that the determination of whether he intentionally killed Hendricks was "materially significant" to determining the proper sentence in this case. And since the trial court could not even conclude that he intended to kill Hendricks, Chciuk-Davis argues that sentencing him to ten years was erroneous. Title 14, section 924(1), however, defines voluntary manslaughter as "the unlawful killing of a human being *without malice* aforethought . . . upon a sudden quarrel or heat of passion." Accordingly, since voluntary manslaughter does not require malice, proof of a defendant's intent to kill is unnecessary. *See Nicholas v. People*, 56 V.I. 718, 733-735 (V.I. 2012); *Gov't of the V.I. v. Rosa*, 399 F.3d 283, 296 (3d Cir. 2005). The trial court was therefore correct in stating that the determination of whether Chciuk-Davis intended to kill Hendricks is not at issue, and Chciuk-Davis's arguments to the contrary are without merit.

[4] Section 3553(a) of title 18 states in pertinent part:

The Court, in determining the particular sentence to be imposed, shall consider —
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed —
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for —

■ Federal Rule of Criminal Procedure 32, which governs the procedure for sentencing defendants and entering judgments in federal district courts, states, in pertinent part, that a probation officer must generally conduct a presentence investigation and submit a report to the court before it imposes sentence on a defendant, unless one of two conditions are met. As provided in Rule 32(c), "[t]he probation officer must conduct a presentence investigation and submit a report to the court before it imposes sentence unless: (i) 18 U.S.C. § 3593(c) or another statute requires otherwise; or (ii) the court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and the court explains its finding on the record." Superior Court Rule 7 provides that "[t]he practice and procedure in the Superior Court shall be governed by the Rules of the Superior Court and, to the extent not inconsistent therewith, by . . . the Federal Rules of Criminal Procedure." SUPER. CT. R. 7. When a Superior Court rule

---

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines —

(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement —

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

governs the same subject matter as a federal rule, however, the federal rule cannot apply to Superior Court proceedings pursuant to Superior Court Rule 7 because application of the federal rule would render the Superior Court rule "wholly superfluous." *See Corraspe v. People*, 53 V.I. 470, 482 (V.I. 2010).[5]

██ Superior Court Rule 134 governs the procedure for sentencing defendants and entering judgments in Superior Court proceedings. Under Rule 134,

> [s]entence shall be imposed immediately after a defendant has been found guilty or has pleaded guilty, unless the court, for good cause shown, shall postpone the imposition of sentence for a period not to exceed 15 days. The court may postpone imposition of a sentence for a period not to exceed 30 days when the court has requested a pre-sentence investigation from the probation officer. Pending sentence, the court may commit the defendant or continue or alter the bail. Before imposing sentence, the court shall afford the defendant or his counsel an opportunity to make a statement in the defendant's behalf and to present any information in mitigation of punishment. Where a sentence has been opened and vacated, the defendant shall be re-sentenced forthwith, except where a new trial is granted.

SUPER. CT. R. 134(a). Superior Court Rule 134 thus places the determination of whether to conduct a presentence investigation prior to sentencing completely within the trial court's discretion, while Federal Rule of Criminal Procedure 32 requires the trial court to have a probation officer conduct a presentence investigation and submit a report to the court before it imposes sentence on a defendant, unless one of two conditions is met. Additionally, Rule 134 only allows the Superior Court to postpone sentencing for thirty days when it requests a presentence investigation. In contrast, Rule 32 states

---

[5] In *Corraspe*, this Court held that Federal Rule of Criminal Procedure 11(c), which prohibits judicial participation in plea agreements, was not applicable in this jurisdiction because Superior Court Rule 126, which has no such prohibition, governs plea agreements in the Virgin Islands to the exclusion of Federal Rule of Criminal Procedure 11(c). *Corraspe*, 53 V.I. at 481-83. We noted, that in the absence of Rule 126, Federal Rule of Criminal Procedure 11(c) and its prohibition on judges participating in plea agreements would apply to plea bargains in the Virgin Islands through Superior Court Rule 7. *Id.* at 482. But the adoption of Rule 126, which lacks a similar bar to judicial participation, evidences an intent to avoid such a strict prohibition. *Id.*

only that courts "must impose sentence without unnecessary delay." FED. R. CRIM. P. 32(b)(1). Furthermore, it allows the court to change any time limits proscribed in Rule 32 "for good cause."[6] FED. R. CRIM. P. 32(b)(2). Accordingly, since both Superior Court Rule 134 and Federal Rule of Criminal Procedure 32 govern the same subject matter, Superior Court Rule 134, and not Federal Rule of Criminal Procedure 32, governs the procedure for sentencing defendants and entering judgments in Superior Court proceedings. *Corraspe*, 53 V.I. at 482-83.[7] The trial court was therefore not required to consider the factors enumerated under 18 U.S.C. § 3553 in imposing its sentence.

## III. CONCLUSION

The Superior Court's acknowledgment that it considered the parties' arguments prior to sentencing Chciuk-Davis to ten years imprisonment — the maximum sentence under 14 V.I.C. § 925(a) — is sufficient to satisfy us that it tailored the sentence imposed to the circumstances surrounding his conviction. Moreover, Federal Rule of Criminal Procedure 32 is not applicable to the Virgin Islands Superior Court because Superior Court Rule 134 governs the procedure for sentencing defendants and entering judgments in Superior Court proceedings, and thus the Superior Court was not obligated to consider the factors enumerated under 18 U.S.C. § 3553 in imposing its sentence. Therefore, we affirm the judgment and commitment of the Superior Court.

---

[6] The fact that Rule 32 requires the probation officer to give the presentence report to the defendant, the defendant's attorney, and an attorney for the government at least 35 days before sentencing further highlights the different timing requirements between Rule 32 and Rule 134. *Compare* FED. R. CRIM. P. 32(e)(2) *with* SUPER. CT. R. 134.

[7] Even if this Court were to conclude that Federal Rule of Criminal Procedure 32 is applicable to Superior Court proceedings, the factors enumerated under 18 U.S.C. § 3553 are not part of Rule 32. Rather, Rule 32(c)(1)(A)(ii) only states that a probation officer is not required to conduct a presentence investigation prior to sentencing if the record before the trial court is sufficient to allow it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553. The Virgin Islands Superior Court, however, does not derive its sentencing authority from section 3553. Thus, the Superior Court is not required to consider the factors enumerated under section 3553 in imposing sentence on a defendant. *See Gov't of the V.I. v. Durant*, 49 V.I. 366, 373-75 (V.I. 2008) (holding that substantive federal provisions cannot be applied to defendants charged in the Superior Court with violations of Virgin Islands law through Superior Court Rule 7 because only the Virgin Islands Legislature has such lawmaking authority).