**PEOPLE OF THE VIRGIN ISLANDS, Appellant/Plaintiff**

**v.**

**SHAKIEME S. FREEMAN, Appellee/Defendant**

S. Ct. Criminal No. 2011-0105

Supreme Court of the Virgin Islands

August 6, 2012

TIFFANY V. MONROSE, ESQ., Department of Justice, St. Thomas, USVI, *Attorney for Appellant*.

ANDREW L. CAPDEVILLE, ESQ., Law Offices of Andrew L. Capdeville, P.C., St. Thomas, USVI, *Attorney for Appellee*.

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

**OPINION OF THE COURT**

(August 6, 2012)

HODGE, *Chief Justice*. The People of the Virgin Islands appeal the Superior Court's order setting aside the jury's guilty verdict and

dismissing the charge against Shakieme S. Freeman for unauthorized use of a firearm during the commission of a crime of violence. The People, however, failed to timely file its notice of appeal. Accordingly, we dismiss the People's appeal for lack of jurisdiction.

## I. STATEMENT OF RELEVANT FACTS AND PROCEDURAL POSTURE

On the evening of January 12, 2011, shots were reported to have been fired at a public housing community in St. Thomas. While investigating, members of the Virgin Islands Police Department (VIPD) observed a silver SUV matching the description of a vehicle alleged to have been connected with the shooting traveling in the vicinity of where the shots were reportedly fired. When the police attempted to stop the vehicle, the driver sped off into a residential area. After attempting to evade the pursuing police, the vehicle pulled into the parking lot of a nearby housing complex, and its occupants exited the vehicle and fled the scene. Police found a cell phone on the ground near the driver's door of the abandoned vehicle, and inside the vehicle police discovered a firearm magazine on the rear passenger seat. Back at the housing community where the shooting had been reported, police discovered that one of the buildings, as well as several cars in the area, had recently been struck by gun shots. The police also recovered approximately ten spent .223 caliber shell casings that matched the type of bullets found in the firearm magazine that was discovered in the back seat of the silver SUV.

The police were able to determine that the owner of the silver SUV was Avondale George, who resided in the same housing community where the car was abandoned. The police were also informed by persons in the housing community that Avondale George's son Dale George (George) regularly operated the vehicle. Shortly thereafter George was located by police in an upstairs neighbor's apartment and taken into custody. The next day, January 13, 2011, George was interviewed by members of the VIPD. According to George's trial testimony, he had gone to the housing community earlier in the day on January 12, 2011, to drop off his girlfriend. While he was there, a masked man approached his vehicle, pointed a gun at him, and asked him the whereabouts of his brother. George responded that he did not know where his brother was presently. The masked man struck George in the temple with the butt of his gun and told him to leave and never come back. After George left the housing

337

community he contacted Freeman and Vincent N. Thompson, Jr., and informed them what had transpired. George then picked up Freeman and Thompson, as well as a third individual who was later identified by George as Elroy Faulkner. At the time George picked these individuals up, Freeman was carrying a black handgun, Faulkner was carrying some type of automatic firearm, and Thompson got into George's vehicle with "a black shirt covering something big." (Trial Tr. 193-95.) George then drove to an area close to the housing community where he had been assaulted earlier that day. There, Freeman, Thompson, and Faulkner exited the vehicle and headed towards the housing community, while George drove a short distance away and waited.

A short time later George heard a series of gun shots coming from the direction of the housing community, which caused him to drive back to the area where Freeman, Thompson, and Faulkner had exited his vehicle. Thompson called George, however, and directed him to another location. When George arrived at that location Faulkner jumped in his vehicle and told him to call Thompson. George complied, and when Thompson answered Faulkner took the phone and told Thompson to "throw the weapons over the fence and jump over because the cops are already here." (Trial Tr. 200.) Faulkner then left George's vehicle and ran behind a nearby building. A few moments later Faulkner, Freeman, and Thompson ran up to George's vehicle without any weapons and the group drove away. While George was driving away, police officers responding to the shooting attempted to stop George's vehicle, which, as discussed above, caused George, Faulkner, Freeman, and Thompson to abandon the vehicle in a nearby housing community and flee the scene on foot.

Based on this evidence, Freeman, Faulkner, and Thompson were arrested. Freeman was subsequently charged with conspiracy to commit first degree murder, reckless endangerment in the first degree, carrying or using a dangerous weapon, discharging a firearm, and unauthorized use of a firearm during the commission of a crime of violence.[1] A jury trial commenced on July 11, 2011, and at the close of all evidence the trial court dismissed the conspiracy to commit first degree murder charge

---

[1] Faulkner and Thompson were also charged with conspiracy to commit first degree murder, reckless endangerment in the first degree, carrying or using a dangerous weapon, discharging a firearm, and unauthorized use of a firearm during the commission of a crime of violence respectively. However, neither of them is a party to this appeal.

against Freeman. The remaining charges were submitted to the jury, and the jury found Freeman guilty of reckless endangerment in the first degree pursuant to 14 V.I.C. § 625(a), carrying or using a dangerous weapon pursuant to 14 V.I.C. § 2251(a)(2), and unauthorized use of a firearm during the commission of a crime of violence pursuant to 14 V.I.C. § 2253(a). The jury, however, found Freeman not guilty of discharging a firearm as charged under 23 V.I.C. § 479(a). Freeman filed a post-trial motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, arguing, among other things, that since the jury found him guilty of unauthorized use of a firearm during the commission of a crime of violence, but not guilty of the predicate crime of violence — discharging a firearm — the trial court should dismiss his conviction for unauthorized use of a firearm during the commission of a crime of violence.

In a Memorandum Opinion and Order entered on October 17, 2011, the trial court granted Freeman's post-trial motion for judgment of acquittal with respect to the unauthorized use of a firearm during the commission of a crime of violence charge. (J.A. 45-65.) The trial court concluded that since both charges required proof that Freeman discharged a firearm, the jury's "finding of not guilty as to [the] predicate offense logically excludes the finding of guilt as to the compound offense." (J.A. 49-50.) The trial court thus set aside the jury's guilty verdict and entered a judgment of acquittal.[2] The People filed its notice of appeal on November 18, 2011.

## II. JURISDICTION

■ Prior to deciding the merits of the People's appeal, we must first determine if we have jurisdiction over this matter. *V.I. Gov't Hosps. & Health Facilities Corp. v. Gov't of the V.I.*, 50 V.I. 276, 279 (V.I. 2008). "In the Virgin Islands, title 4, section 33(d) of the Virgin Islands Code provides the People with the statutory authority to appeal certain criminal judgments." *People v. Pratt*, 50 V.I. 318, 321 (V.I. 2008). Title 4, section § 33(d)(1) states:

---

[2] The trial court, however, denied Freeman's motion for judgment of acquittal with respect to his convictions for reckless endangerment in the first degree and carrying or using a dangerous weapon.

In a criminal case an appeal by the Government of the Virgin Islands shall lie to the Supreme Court from a decision, judgment, or order of the Superior Court dismissing an indictment or information or otherwise terminating a prosecution in favor of the defendant, as to any one or more counts, or any part thereof, except that no appeal shall lie where the double jeopardy clause of the United States Constitution or the Revised Organic Act prohibits further prosecution.

Section 33(d)(5) further requires that an "appeal in all such cases shall be taken within thirty days after the decision, judgment or order has been rendered and shall be diligently prosecuted." In *First American Development Group/Carib, LLC v. WestLB AG*, this Court recognized that the thirty day time limitation found in section 33(d)(5) is jurisdictional. 55 V.I. 594, 601 (V.I. 2011) ("When the time to appeal or seek review is established by statute, timeliness is a jurisdictional issue, therefore, a petition filed out of time deprives the court of jurisdiction to entertain the appeal." (quoting *Pichardo v. Comm'r of Labor*, 49 V.I. 447, 450 (V.I. 2008))). Thus, failure to file a notice of appeal within thirty days of a Superior Court decision, judgment, or order dismissing a count of an information deprives this Court of jurisdiction to entertain a subsequent appeal. *Id.*

█ Here, the Superior Court's Memorandum Opinion and Order dismissing the charge against Freeman for unauthorized use of a firearm during the commission of a crime of violence was entered on October 17, 2011. Accordingly, the People were required to file any notice of appeal within thirty days after this decision had been rendered. *See* 4 V.I.C. § 33(d)(5) (appeal shall be taken "within thirty days after the decision, judgment or order has been rendered"). Pursuant to V.I.S.CT.R. 16(b), "in computing any period of time prescribed or allowed by these Rules . . . or by any applicable statute, the day of the act [or] event . . . from which the designated period of time begins to run shall not be included." Thus, by operation of V.I.S.CT.R. 16(b), the first day of the thirty-day period prescribed by 4 V.I.C. § 33(d)(5) was Tuesday, October 18, 2011, and the last day of that thirtyday period was Wednesday, November 16, 2011. The People, however, failed to file a notice of appeal until Friday, November

18, 2011, which was two days outside of the authorized thirty-day period. This Court therefore lacks jurisdiction over the People's appeal.[3]

## III. CONCLUSION

Pursuant to title 4, section 33(d)(5), the People were required to file a notice of appeal within thirty days of the Superior Court's October 17, 2011 Memorandum Opinion and Order. Because the People failed to comply with this jurisdictional requirement, we must dismiss the People's appeal for lack of jurisdiction.

.

---

[3] There is no contention in the present case that the People's notice of appeal applies to any order other than the one entered October 17, 2011. In response to this Court's inquiry into whether we possessed jurisdiction over this appeal, the People stated that the order being appealed was entered on October 17, 2011 and the People's notice of appeal was timely filed on November 14, 2011, twenty-eight days later. The People's assertion, however, is inaccurate. Although the People filed notices of appeal for both of Freeman's co-defendants on November 14, 2011, it did not file a notice of appeal in regards to Freeman until November 18, 2011.