**CONRAD L. BROOKS, Appellant/Plaintiff**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee/Defendant**

S. Ct. Civil No. 2011-0093

Supreme Court of the Virgin Islands

June 27, 2012

CONRAD L. BROOKS, St. Thomas, USVI, *Pro se*.

TIFFANY V. MONROSE, ESQ., Department of Justice, St. Thomas, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(June 27, 2012)

HODGE, *Chief Justice.* Conrad L. Brooks appeals the Superior Court's order denying his petition for a writ of habeas corpus. He argues that he was improperly sentenced to a minimum mandatory sentence of ten years imprisonment after pleading guilty to committing aggravated rape pursuant to section 1700(a)(2) of title 14 of the Virgin Islands Code. Section 1700(a)(2), however, carries a mandatory sentence of ten years imprisonment. Accordingly, we affirm the order of the Superior Court denying Brooks's petition for a writ of habeas corpus.

## I. STATEMENT OF RELEVANT FACTS AND PROCEDURAL POSTURE

Brooks was charged in a seven count information with committing sexual contact and sexual assaults on two minor children. Prior to trial, the Government and Brooks reached an agreement, and Brooks pled guilty to one count of aggravated rape pursuant to 14 V.I.C. § 1700(a)(2) and one count of unlawful sexual contact pursuant to 14 V.I.C. § 1708(3). On July 24, 1998, the Superior Court entered a judgment and commitment sentencing him to thirty years imprisonment for aggravated rape and fifteen years imprisonment for unlawful sexual contact, with sentences to be served concurrently. The Superior Court further ordered that "pursuant to 14 V.I.C. § 1700(c)" Brooks was required to serve a minimum of ten years imprisonment for his conviction for aggravated rape.

On November 2, 2007, Brooks filed a petition for a writ of habeas corpus in the Superior Court. In his petition, Brooks argued that he should not have been sentenced to a minimum mandatory term of ten years imprisonment because section 1700(c) did not apply to him. The Superior Court rejected this argument, however, concluding that aggravated rape pursuant to 14 V.I.C. § 1700(a)(2) also carries a mandatory minimum sentence of ten years imprisonment, and the trial court's reference to section 1700(c), instead of section 1700(a)(2), in its July 24, 1998

judgment and commitment was merely a clerical error. In reaching this conclusion, the Superior Court noted that "[t]he portion of Section 1700(a)(2) that requires the defendant to serve at least ten years appears directly under subsection (c) of Section 1700 in the Code; therefore, one might believe at first glance that the ten-year minimum provision lies within Section 1700(c)." The Superior Court further noted:

> The transcript of the March 12, 1998 change-of-plea hearing makes clear that the Court and the Defendant were aware that the ten-year minimum provision applied, not because Defendant used a dangerous weapon, but because he committed an act of sexual intercourse with a minor under the age of sixteen, the condition precedent for application of Section 1700(a)(2).

The Superior Court thus concluded that Brooks, his counsel, and the trial court were all aware that Brooks was pleading guilty to violating section 1700(a)(2), which carries a mandatory minimum sentence of ten years, and the trial court's reference to section 1700(c) in the written judgment and commitment was merely a clerical error that did not affect Brooks's substantial rights. Accordingly, the Superior Court denied Brooks's petition for a writ of habeas corpus in an August 26, 2011 Order.[1] Brooks timely filed his notice of appeal on October 12, 2011.[2]

---

[1] Brooks also argued that he was not adequately counseled regarding the possible sentence he might receive for pleading guilty. The Superior Court rejected this argument, concluding that the plea colloquy from Brooks's change-of-plea hearing clearly established that he was fully aware of the possible sentence he might receive for pleading guilty and that Brooks failed to present any evidence tending to show that his attorney was ineffective in assisting him in his decision to plead guilty. Brooks has not raised this issue on appeal; thus it is waived. See V.I.S.CT.R. 22(m).

[2] At the time of this appeal, Supreme Court Rule 5(a)(1) stated:

> In a civil case in which an appeal is permitted by law as of right from the Superior Court to the Supreme Court, the notice of appeal required by Rule 4 shall be filed with the Clerk of the Superior Court within thirty days after the date of entry of the judgment or order appealed from; but if the Government of the Virgin Islands or an officer or agency thereof is a party, the notice of appeal may be filed by any party within sixty days after such entry.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

The Superior Court's August 26, 2011 Order denying Brooks's petition for a writ of habeas corpus constitutes a final order because it disposed of all of the claims Brooks submitted to that court for adjudication. *See, e.g., Etienne v. Etienne*, S. Ct. Civ. No. 2010-0100, 2012 V.I. Supreme LEXIS 44, at *9 (V.I. May 16, 2012) (explaining that an order or judgment dealing with all the issues in the suit and closing the case is final and appealable). Accordingly, we possess jurisdiction over this appeal pursuant to title 4, section 32(a) of the Virgin Islands Code, which provides this Court with "jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." V.I. CODE ANN. tit. 4 § 32(a).

Our standard of review in examining the Superior Court's application of law is plenary, while findings of fact are reviewed only for clear error. *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007). Likewise, this Court's review of the trial court's construction of a statute is plenary. *V.I. Pub. Serv. Comm'n v. V.I. Water & Power Auth.*, 49 V.I. 478, 483 (V.I. 2008), *cert. denied*, No. 08-3398, slip op. at 1 (3d Cir. Jan. 19, 2009).

### B. 14 V.I.C. § 1700(a)(2)

The sole issue on appeal is whether 14 V.I.C. § 1700(a)(2) carries a mandatory minimum sentence of ten years incarceration.

We begin by examining the statute. At the time Brooks was sentenced, title 14, section 1700 stated in relevant part:

> (a) Whoever perpetrates an act of sexual intercourse or sodomy with a person not the perpetrator's spouse:
>
> (1) Who is under the age of thirteen, or
> (2) who is under sixteen years of age residing in the same household as the perpetrator, and force, intimidation, or the perpetrator's position of authority over the victim is used to accomplish the sexual act; or
>
> (b) Whoever causes personal injury to a victim as the result of an act of rape as set forth in section 1701 of this title; or

(c) Whoever uses a deadly weapon during the commission of an act of rape as set forth in section 1701 is guilty of aggravated rape and shall be imprisoned for life or for any term of years, but not less than 10 years. Notwithstanding the provision of Title 5, chapters 313, 405 and 407, Virgin Islands Code, or any other provisions of law, imposition or execution of the ten-year minimum period of incarceration shall not be suspended; neither shall probation, parole, or any other form of release be granted for this minimum period of incarceration.[3]

The statute clearly delineates four ways by which an individual can commit aggravated rape: 1) by perpetrating an act of sexual intercourse or sodomy with a person not the perpetrator's spouse who is under the age of thirteen, *see* 14 V.I.C. § 1700(a)(1); 2) by perpetrating an act of sexual intercourse or sodomy with a person not the perpetrator's spouse who is under sixteen years of age residing in the same household as the perpetrator, and force, intimidation, or the perpetrator's position of authority over the victim is used to accomplish the sexual act, *see* 14 V.I.C. § 1700(a)(2); 3) by causing personal injury to a victim as the result of an act of rape as set forth in section 1701 of title 14, *see* 14 V.I.C. § 1700(b); or 4) by using a deadly weapon during the commission of an act of rape as set forth in section 1701, *see* 14 V.I.C. § 1700(c). The statute further prescribes the punishment for a defendant convicted of aggravated rape, which includes a minimum mandatory sentence of ten years imprisonment.

██ █ As the Superior Court correctly concluded, the language located immediately below subsection (c) of section 1700, which imposes a mandatory minimum sentence of ten years for anyone convicted of aggravated rape, is not limited to subsection (c). Rather, it is disjunctive and applies to each subsection of section 1700 that delineates how an individual can commit aggravated rape. For example, under section 1700(a)(2), as it read at the time of Brooks's offense and plea,

> [w]hoever perpetrates an act of sexual intercourse or sodomy with a person not the perpetrator's spouse . . . who is under sixteen years of age residing in the same household as the perpetrator, and force, intimidation, or the perpetrator's position of authority over the victim is

---

[3] In 2002, the Legislature amended section 1700 to increase the minimum mandatory sentence from ten years to fifteen years. *See* Act No. 6497, § 2 (V.I. Reg. Sess. 2002).

used to accomplish the sexual act . . . is guilty of aggravated rape and shall be imprisoned for life or for any term of years, but not less than 10 years.

Accordingly, Brooks, who pled guilty to violating 14 V.I.C. § 1700(a)(2), was properly sentenced to a minimum mandatory term of ten years imprisonment. The reference to section 1700(c) in the trial court's July 24, 1998 judgment and commitment was merely a clerical error that did not affect Brooks's substantial rights.[4] The Superior Court therefore did not err in denying Brooks's petition for a writ of habeas corpus.

### III. CONCLUSION

■ Violation of title 14, section 1700(a)(2) carries a mandatory minimum sentence of ten years imprisonment, and the Superior Court imposed a sentence upon Brooks fully complying with that statutory mandate. Therefore, we affirm the Superior Court's order denying Brooks's petition for a writ of habeas corpus.

---

[4] As a clerical error, the Superior Court could correct this error at any time pursuant to Superior Court Rule 137. See SUPER. CT. R. 137 ("Clerical mistakes in judgments, orders or other parts of the record, and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders.").