**FRANK E. HUGHLEY, Appellant/Petitioner**
**v.**
**GOVERNMENT OF THE VIRGIN ISLANDS and RICHARD S.**
**SCHRADER, JR., Appellees/Respondents**

S. Ct. Civil Nos. 2010-0015, 2010-0075

Supreme Court of the Virgin Islands

October 1, 2014

FRANK E. HUGHLEY, St. Croix, USVI, *Pro se.*

PAMELA R. TEPPER, ESQ., Assistant Attorney General St. Thomas, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; SWAN, *Associate Justice*; and MOORE, *Designated Justice.*[1]

## OPINION OF THE COURT

(October 1, 2014)

SWAN, *Associate Justice.* Frank E. Hughley appeals the Superior Court's orders, denying his Petition for Writ of Habeas Corpus, which alleges constitutional rights violations, and denying his Motion for Sentence Reduction based upon his alleged change in circumstance. We affirm the Superior Court's order denying his Motion for Sentence Reduction, but reverse its order denying his Petition for Writ of Habeas Corpus.

## I. FACTS AND PROCEDURAL HISTORY

On December 1, 1995, Frank E. Hughley was convicted of six counts of unlawful sexual contact in the first degree in violation of V.I. CODE ANN. tit. 14, § 1708(2), and three counts of aggravated rape in the first degree in violation of V.I. CODE ANN. tit. 14, § 1700(a)(1). The jury that convicted Hughley was comprised of all female jurors, empanelled with

---

[1] Associate Justice Maria M. Cabret is recused from this case. The Honorable Thomas K. Moore has been designated in her place pursuant to title 4, section 24(a) of the Virgin Islands Code.

the acquiescence and affirmative efforts of defense counsel who considered having an all-female jury to decide sex crimes an integral part of his trial strategy. On February 16, 1996, the trial court entered judgment and sentenced Hughley to twenty-six years imprisonment without parole. Since his conviction, Hughley has filed a plethora of post-conviction petitions and appeals asserting ineffective assistance of counsel, among other issues. All of Hughley's petitions and appeals have been denied.

On March 7, 1996, Hughley appealed his conviction based on ineffective assistance of counsel; however, the Appellate Division of the District Court dismissed the appeal on October 1, 1998 for lack of jurisdiction. The District Court reasoned that "ineffective assistance of counsel claims are *usually* not heard for the first time on direct appeal, but must be raised in a collateral proceeding because the necessary facts about counsel's representation of the defendant have not been developed."

In July 1999, Hughley filed a Motion for New Trial again claiming ineffective assistance of counsel. In October 2000, his Motion for New Trial was denied as untimely. In July 2001, Hughley filed a Petition for Writ of Habeas Corpus, claiming ineffective assistance of counsel. He filed another Petition for Writ of Habeas Corpus in 2004. The 2004 Petition was dismissed because it was cumulative of the already pending 2001 Petition. After hearings on the ineffective assistance of counsel claim, the 2001 Petition for Writ of Habeas Corpus was also denied in a June 30, 2006 Memorandum Opinion. The trial judge opined that Hughley failed to meet his burden of proving ineffective assistance of counsel under the holding of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Hughley appealed this decision on or about July 12, 2006 to the Appellate Division of the District Court of the Virgin Islands.[2] The Appellate Division of the District Court of the

___

[2] The Appellate Division of the District Court of the Virgin Islands affirmed the June 2006 Order of the Superior Court denying Hughley's Petition for Writ of Habeas Corpus based on ineffective assistance of counsel in a Memorandum Opinion filed September 30, 2011. In affirming the Superior Court, the Appellate Division held that the trial judge erred in finding defense counsel's representation competent, but that the defense counsel's unprofessional errors did not likely have a substantial effect on the outcome of the case when compared against the weight of the evidence presented at trial. The Appellate Division further found that the defense counsel's failure to conduct a reasonable investigation and to provide a

Virgin Islands affirmed the June 2006 Order of the Superior Court denying Hughley's Petition for Writ of Habeas Corpus based on ineffective assistance of counsel in a Memorandum Opinion filed September 30, 2011.

Refusing to abandon his quest to have his convictions reversed, Hughley filed a "Motion for Injunction in Matter of Sentence Reduction on Premise of Change of Circumstance" ("Motion for Sentence Reduction") with the Superior Court on July 5, 2007. Approximately two and a half years later, Hughley made another filing titled "Motion for Habeas Corpus" dated December 21, 2009, for the purpose of clarifying his Motion for Sentence Reduction "after two and one half years of waiting for the Court to decide the matter pending . . . on his motion." In an order dated January 28, 2010,[3] the Superior Court denied this Petition for Writ of Habeas Corpus. On August 24, 2010, the Superior Court granted the Government's Motion to Dismiss Hughley's Motion for Sentence Reduction. By Order of this Court, Hughley sought a Certificate of Probable Cause from the Superior Court as was required at the time by former Supreme Court Rule 14(b).[4] Subsequently, the Superior Court denied Hughley's request for a Certificate of Probable Cause in connection with his Petition for Writ of Habeas Corpus on the basis that he had failed to make a substantial showing of the denial of a constitutional right. Hughley appealed both the denials of the December 28, 2009 filing titled Motion for Habeas Corpus and the decision on his Motion for Sentence Reduction. Pursuant to this Court's February 22, 2011 Order, we will consider the cases as a consolidated matter.

---

strategic explanation justifying why he failed to conduct a basic evidentiary inquiry into the merits of Hughley's case fell below the objective threshold of reasonably competent representation. However, the Appellate Division concluded that Hughley did not meet his burden in demonstrating that the jury would have had a reasonable doubt as to Hughley's guilt absent the defense counsel's errors in accordance with the principles set forth in *Strickland*. D.C. Civ. App. No. 2006-0110.

[3] This Court ordered Hughley to file a motion in the Superior Court for a certificate of probable cause pursuant to former V.I.S.Ct.R. 14(b). The appeal was held in abeyance pending the Superior Court's ruling. The Superior Court denied Hughley's motion for certificate of probable cause finding that Hughley failed to show illegality in his sentence.

[4] Prior to amendments made in December 2010, Virgin Islands Supreme Court Rule14(b) stated in pertinent part that "[a]n appeal by the applicant from the order of the Superior Court denying the writ of habeas corpus may not proceed unless the adjudicating judge of the Superior Court issues a certificate of probable cause." Rule 14(b) no longer contains provisions requiring a certificate of probable cause.

## II. JURISDICTION AND STANDARD OF REVIEW

We exercise jurisdiction over this appeal pursuant to title 4, section 32(a) of the Virgin Islands Code which provides, in pertinent part, that "[t]he Supreme Court shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." The Superior Court's January 28, 2010 order denying Hughley's Petition for Habeas Corpus and its August 24, 2010 order dismissing his Motion for Sentence Reduction "constitute[ ] . . . final order[s] because [they] disposed of all the claims [Hughley] submitted to that court for adjudication." *Brooks v. Gov't of the V.I.*, 56 V.I. 815, 818 (V.I. 2012) (citing *Etienne v. Etienne*, 56 V.I. 686, 690 (V.I. 2012)). *See also In re Harvard Industries*, 568 F.3d 444, 449 (3d Cir. 2009).

A motion for reduction of sentence has been held to be tantamount to a plea for leniency which is addressed to the sound discretion of the trial court. *See Gov't of the V.I. v. Santiago*, 27 V.I. 232, 244, 798 F. Supp. 274, 282 (D.C.V.I. 1992). A review of an order denying sentence reduction is reviewed for gross abuse of discretion. *See United States v. Idone*, 38 F.3d 693, 696 (3d Cir. 1994) (citation omitted). However, the time limits prescribed by law that allow for the correction of an illegal sentence are jurisdictional and cannot be extended by order of the court. *Gov't of the V.I. v. Gereau*, 603 F.2d 438, 440 (3d Cir. 1979) (citations omitted).

Our review of a trial court's application of law is plenary, while constitutional claims are reviewed *de novo*. *See McKenna v. City of Philadelphia*, 582 F.3d 447, 460 (3d Cir. 2009) (application of law); *United States v. Gordon*, 290 F.3d 539, 546 (3d Cir. 2002) (constitutional claims). Generally, where an issue on appeal was not objected to at trial we review only for plain error. *Brathwaite v. People*, 60 V.I. 419, 426 (V.I. 2014) ("We review for plain error those issues not objected to at trial."); see also *United States v. Vosburgh*, 602 F.3d 512, 531 (3d Cir. 2010).

## III. ISSUES

This is a complex case which encompasses more than a decade and involves innumerable petitions for post-conviction relief under numerous federal and territorial court rules. Many of these rules have been repealed. Additionally, Hughley has not succinctly articulated the issues he wishes to present to this Court, and his arguments are confounding and fragmented. However, we glean from the record that the issues which

Hughley has propounded for our consideration are: 1) whether his Sixth Amendment constitutional right to an impartial jury has been violated because the jury was not comprised of a reasonable cross-section of the community, thus invalidating the jury verdict and his sentence, 2) whether since Hughley's incarceration there has been a change of circumstance which merits a sentence reduction, and 3) whether his December 2009 Petition for Writ of Habeas Corpus urging the Superior Court to grant his Motion for Sentence Reduction should have been granted.

■ Hughley has failed to brief many of the issues he presented in his Petition for Writ of Habeas Corpus and failed to brief most of the issues he has raised on appeal. However, courts have consistently allowed the pleadings of *pro se* litigants to be read liberally and have afforded leniency in these cases because of *pro se* litigants' lack of formal legal training. *Weary v. Long Reef Condo. Ass'n*, 57 V.I. 163, 167 (V.I. 2012); *Kutska v. California State College*, 564 F.2d 108, 111 (3d Cir. 1977). Therefore, we will consider these claims and Hughley's eligibility for relief.

## IV. DISCUSSION

### A. The Motion for Sentence Reduction

■ In his 2007 Motion for Sentence Reduction, Hughley asserts that he is eligible for modification of sentence under 5 V.I.C. App. V, Rule 16.5 and Rule 35 of the Federal Rules of Criminal Procedure. (J.A. at 96.) Unfortunately, the Virgin Islands court rule under which Hughley requests relief has been repealed. The Appendices of the Virgin Islands Court Rules are no longer utilized and have not been for a protracted period of time. *See Save Long Bay Coalition, Inc. v. V.I. Bd. of Land Use Appeals*, 45 V.I. 312, 318 (V.I. Super. Ct. 2003) (observing that "5 V.I.C. Appendix was replaced in 1992 with [the] Virgin Islands Court Rules Annotated.") (citing 12 V.I.C. § 913 historical note). Consequently, 5 V.I.C. App. V, Rule 16.5 is no longer a valid court rule. Furthermore, it was repealed long before Hughley filed his motion in the Superior Court.

Local rules governing sentence reduction currently exist in Superior Court Rule 136 and were encompassed by LRCr 35.1 until 2008.[5] The

---

[5] The Local Rules of Criminal Procedure of the District Court of the Virgin Islands effective as of October 10, 2008, do not contain a Rule 35.1, or any substitute provisions for sentence reduction and modification.

Superior Court Order dismissing Hughley's Motion for Sentence Reduction, which he appeals to this Court, did not address the validity of Hughley's claims under 5 V.I.C. App. V. Rule 16.5. Instead, in its Order, the Superior Court determined Hughley's eligibility for sentence reduction under SUPER. CT. R. 136 and subsequently under applicable provisions of LRCR 35.1. Therefore, we will consider whether Hughley is entitled to any favorable consideration under the provisions of these two court rules.

 Superior Court Rule 136, which governs motions for reduction of sentence, expressly provides that the Superior Court may only reduce a sentence "within 120 days after the sentence is imposed, or within 120 days after any order or other mandate issued upon affirmance of the judgment or dismissal of the appeal." SUPER. CT. R. 136. Hughley's motion was egregiously untimely. He did not file his motion until July 5, 2007, more than nine years after the Appellate Division issued its October 1, 1998 Order dismissing his direct appeal of the February 16, 1996 Judgment and Commitment. Further, Hughley simply states in his *pro se* brief, without any further elaboration, that this Court should reverse the August 25, 2010 Order dismissing his motion as untimely as it should have been considered "[n]otwithstanding [t]he 120 [d]ay [l]imitation." Hughley, by raising this issue in such a fleeting and cursory manner unsupported by even an attempt at argument, has failed to preserve this claim for appellate review. *Simpson v. Golden*, 56 V.I. 272, 279-80 (V.I. 2012).

 In any event, the Superior Court did not err in dismissing Hughley's motion as untimely. The 120 day limitations period set forth in Rule 136 is clearly a non-jurisdictional claims-processing rule that may be extended or waived, given that it is established solely by court rule. *See Gov't of the V.I. v. Crooke*, 54 V.I. 237, 253-54 (V.I. 2010) ("It is well established that time limits set exclusively by court rules are mere claims-processing rules which do not affect a court's subject-matter jurisdiction even if they may result in dismissal if violated."). Nevertheless, when a party timely invokes a claims-processing rule, application of the rule remains mandatory. *Public Emples. Rel. Bd. v. United Indus. Workers-Seafarers Int'l Union*, 56 V.I. 429, 435-36 (V.I. 2012) (citing *Eberhart v. United States*, 546 U.S. 12, 19, 126 S. Ct. 403, 163 L. Ed. 2d 14 (2005)). Here, the Government expressly asserted the timeliness issue in its October 10, 2007 motion to dismiss, and Hughley

331

never filed an opposition to the motion to dismiss during the nearly three years the motion remained pending in the Superior Court or otherwise set forth any argument as to why his untimely filing should be considered on the merits. Therefore, we affirm the Superior Court's August 25, 2010 Order.

## B. The Habeas Corpus Petition

Hughley filed a habeas corpus petition with the trial court on December 28, 2009. Although the Superior Court's February 4, 2010 Order summarily denied Hughley's petition in a single sentence, its November 12, 2010 Order explained that it had denied the petition because it believed Hughley failed to comply with the procedural requirements set forth in section 1302 of title 5. This provision provides, in its entirety, that:

> Application for the writ of habeas corpus shall be made by petition signed either by the party for whose relief it is intended or by some person in his behalf. The petition shall comply with the following requirements:
>
> (1) It shall specify that the person in whose behalf the writ is applied for is imprisoned or restrained of his liberty and the officer or person by whom, and the place where, he is so confined or restrained, naming all the parties, if they are known, or describing them, if they are not known.
>
> (2) If the imprisonment is alleged to be illegal, the petition shall state in what the alleged illegality consists.
>
> (3) The petition shall be verified by the oath of the party making the application.

5 V.I.C. § 1302. Specifically, the Superior Court found that denial of Hughley's petition was warranted because the petition did not allege illegality and was not verified by oath.

■ Unquestionably, the Superior Court erred when it held that Hughley failed to comply with section 1302(2). Contrary to the Superior Court's findings, the record clearly reflects that Hughley's habeas petition expressly alleged that his imprisonment was unlawful because he had been convicted by an all-female jury:

> Thus, Respondents admits that former trial counsel was aware (conscious), as well as the Respondents, to the fact that he (former trial

counsel) limited Petitioner's jury to a "particular group" (all males) when former trial counsel stated that he "made it his business that **no male** would sit on the jury".

Therefore, Respondents help to establish Petitioner's claim in their statement of "entitled to a jury of his peers which included both male and female". It is held in *Taylor v. Louisiana*, 419 U.S. 522 (1975) that, "excluding women from juries or giving them automatic exemptions was invalid".

Likewise, excluding *"all males"* from Petitioner's jury "giving them automatic exemption", was *"invalid"*, and such was not [jurors] drawn from a group (both male and female) that represented a reasonable cross-section of the Virgin Islands community of St. Croix, where Petitioner was tried and convicted.

. . . .

Hence, Petitioner's claim has constitutional grounds on the fact that on the foundation of the Respondents admittance that Petitioner's 14 Amendment Rights of due process and equal protection were violated, *J.E.B. v. Alabama ex rel. T.B.* 511 U.S. 127, 114 S. Ct. 1419, 128 L. Ed. 2d 89 (1994), in conjunction with six Amendment violations of [a] impartial jury. *Holland v. Ill.*, 493 U.S. 474, 110 S. Ct. 803, 107 L. Ed. 2d 905 (1990), due to the fact that Petitioner had an all female jury.

(J.A. 130-31 (emphases, grammar and spelling in original).) Although Hughley did not use the word "illegal" in his habeas petition, it is well established that *pro se* parties are held to less stringent standards and are not required to use "magic words" in a complaint when the intent is otherwise apparent from the face of the filing. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Williams v. Thomas*, 692 F.2d 1032, 1040 (5th Cir. 1982). Thus, Hughley's petition clearly alleged an illegality, as mandated by section 1302(2).

■ We agree with the Superior Court's holding that Hughley failed to comply with section 1302(3), in that the petition was not verified by oath. However, the fact that section 1302(3) codifies a verification requirement does not — without more — confer upon the Superior Court the authority to *sua sponte* deny a habeas corpus petition solely on that ground. While

the Superior Court may raise — but not immediately adjudicate[6] — a jurisdictional defect, it may not invoke a claims-processing rule *sua sponte* unless "the 'rule implicates judicial interests beyond those of the parties.' " *Simon v. Joseph*, 59 V.I. 611, 629 (V.I. 2013) (quoting *United States v. Mitchell*, 518 F.3d 740, 750 (10th Cir. 2008)). Moreover, not all claims-processing rules require — or even permit — dismissal as a remedy for non-compliance. *See, e.g., Brooks v. Gov't of the V.I.*, 58 V.I. 417, 427 (V.I. 2013) (noting that Superior Court must apply Federal Rule of Civil Procedure 17(a)(3), rather than dismiss a petition, when the caption of that petition fails to comply with mandatory claims-processing rule codified in 24 V.I.C. § 380).

 To determine whether a Virgin Islands statute establishes a jurisdictional requirement or only sets forth a claims-processing rule, we consider the intent of the Legislature. *Brady v. Cintron*, 55 V.I. 802, 815-17 (V.I. 2011). To determine legislative intent, we consider several factors, including, but not necessarily limited to, whether the statute contains language requiring dismissal as a remedy for non-compliance, *see Brooks*, 58 V.I. at 428, and the existence of long standing case law — including precedent from other jurisdictions — characterizing the statutory requirement as jurisdictional, *see Henderson v. Shinseki*, 562 U.S. 428, 131 S.Ct. 1197, 1203, 179 L. Ed. 2d 159 (2011). Importantly, "there must be a 'clear' sign of the Legislature's intent to make a statutory requirement jurisdictional." *Brooks*, 58 V.I. at 428 (quoting *Brady*, 55 V.I. at 815).

 Unquestionably, the verification requirement codified in section 1302(3) represents a mere claims-processing rule. Neither section 1302 nor any other provision of the local Virgin Islands habeas corpus statute provides for dismissal if a prisoner files an unverified petition. Perhaps most importantly, virtually every court to consider the question has held that, when a statute requires that a complaint be verified by oath, the

---

[6] As we have previously explained, the Superior Court's right to raise questions as to its jurisdiction *sua sponte* does not grant it a corresponding license to adjudicate the jurisdictional issue without first providing the parties with a right to be heard. *Brunn v. Dowdye*, 59 V.I. 899, 905 (V.I. 2013) (citing *Mendez v. Gov't of the V.I.*, 56 V.I. 194, 205 (V.I. 2012)). Thus, even if section 1302(3) represented a jurisdictional requirement — which we do not hold — the Superior Court would still have committed error by summarily denying Hughley's petition on this basis without providing him with an opportunity to address the Superior Court's concerns.

verification requirement is a non-jurisdictional claims processing rule.
*See, e.g., Ex parte Collier*, 64 So. 3d 1045, 1050 (Ala. 2010) ("Although
§ 15-21-4, Ala. Code 1975, provides that a petition for a writ of habeas
corpus must be verified by the oath of the applicant . . . this mandatory
verification requirement has not been interpreted to be a jurisdictional
prerequisite.") (quoting *Smith v. State*, 918 So. 2d 141 (Ala. Crim. App.
2005)) (internal quotation marks omitted); *Miles v. State*, 120 Nev. 383,
91 P.3d 588, 590 (2004) ("We note that many jurisdictions agree with the
general principle that an inadequate verification does not divest the . . .
court of jurisdiction to consider a habeas petition . . . . Under Nevada's
post-conviction statutory scheme, an inadequate verification is an
amendable, not a jurisdictional, defect."); *Taylor v. McKune*, 25 Kan. App.
2d 283, 962 P.2d 566, 570 (1998) ("We have noted Taylor's petition was
initially filed with no verification . . . . [N]one of the deficiencies or
omissions deprive the district court of jurisdiction."); *Freeman v. State*,
116 Idaho 985, 783 P.2d 324, 325 (Ct. App. 1989) ("The propriety of the
summary dismissal in this case turns on the issue of whether verification
of a petition for habeas corpus is a jurisdictional requisite . . . or whether
verification is a procedural requirement which may be waived if not
timely noted by the trial court or raised as a defense by the respondent. We
think the latter to be the better reasoned view."); *In re Linda D.*, 3 Cal.
App. 3d 567, 83 Cal. Rptr. 544, 546 (1970) ("These jurisdictional
objections have no merit on this appeal. Appellant did not challenge the
unverified petition in the court below . . . . It is the rule that failure to
verify a petition . . . is a defect in the pleading which does not go to the
court's jurisdiction and must be raised prior to the hearing or it is
waived."). Significantly, unlike the statutory time limitations this Court
has characterized as jurisdictional, *see, e.g., Pichardo v. Comm'r of
Labor*, 49 V.I. 447, 450 (V.I. 2008), the failure to verify a habeas corpus
petition may be easily rectified by permitting the prisoner to amend his
petition. *See Brooks*, 58 V.I. at 429 ("Here, it is not clear what prejudice
any party would suffer from a petitioner's correction of the caption early
in the proceedings, which further suggests that the Legislature would not
have made this factor a jurisdictional requirement."); SUPER. CT. R. 8
("The court may amend any process or pleading for any omission or
defect therein. . . ."). Thus, since section 1302(3) does not codify a
jurisdictional defect, and its enforcement does not implicate any judicial
interests beyond those of the parties, *see Simon*, 58 V.I. at 629, the

Superior Court committed error when it denied Hughley's habeas corpus petition on this basis.

█ Nevertheless, the fact that the Superior Court committed error will not, without more, compel reversal, for "[n]o error or defect in any ruling or order or in anything done or omitted by the Superior Court or by any of the parties is ground for granting relief or reversal on appeal where its probable impact, in light of all of the evidence in the case, is sufficiently minor so as not to affect the substantial rights of the parties." V.I.S.Ct.R. 4(i); see also Joseph v. People, 60 V.I. 338, 348 (V.I. 2013); Brunn v. Dowdye, 59 V.I. 899, 905 (V.I. 2013) (citing Mendez v. Gov't of the V.I., 56 V.I. 194, 205 (V.I. 2012)). "When the Superior Court erroneously invokes a procedural rule to deny a motion . . . we generally will disregard the error if 'the Superior Court could have properly denied [the] motion on the merits even if it had not erroneously denied it [on procedural grounds].' " Joseph, 60 V.I. at 348 (quoting Harris v. Garcia, S. Ct. Civ. No. 2008-0082, 2010 V.I. Supreme LEXIS 3 (V.I. Jan 14, 2010) (unpublished)). In its appellate brief, the Government emphasizes that the Superior Court adjudicated similar claims by Hughley in its opinion denying his July 2001 habeas corpus petition, and this Court takes judicial notice that the Appellate Division and the Third Circuit have both affirmed that opinion. Therefore, to the extent the denial of Hughley's first habeas corpus petition may foreclose him from pursing a second habeas corpus petition, it may render harmless the Superior Court's erroneous sua sponte dismissal pursuant to section 1302.

█ We disagree, however, that the denial of Hughley's first habeas corpus petition automatically prohibits consideration of his second petition. "In the Virgin Islands, a criminal defendant may appeal a conviction as of right, and if that appeal is unsuccessful, file an unlimited number of successive habeas corpus petitions under local law, Bryan v. Gov't of the V.I., 56 V.I. 451, 457 (V.I. 2012), constrained only by abuse of the writ and similar common law doctrines." Simon, 59 V.I. at 626 (citing Price v. Johnson, 334 U.S. 266, 287-93, 68 S. Ct. 1049, 92 L. Ed. 1356 (1948)). Significantly, application of the abuse of the writ doctrine is not automatic; it is intended to prevent instances where a prisoner uses successive habeas corpus proceedings as a mechanism to engage in "the bombardment of the judiciary." George v. Wilson, 59 V.I. 984, 990 (V.I. 2013). Importantly, "[t]he People have the burden of pleading abuse of the

writ," *id.* (citing *McCleskey v. Zant*, 499 U.S. 467, 495, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991)), and because the doctrine represents an "equitable principle," the decision to invoke the doctrine to preclude a subsequent habeas corpus petition remains vested in the sound discretion of the Superior Court, which may consider a multitude of factors, including the "petitioner's prior writ history," the merits of the claim, and the reasons for raising new arguments or attempting to relitigate prior unsuccessful arguments. *Id.* (citing *McCleskey*, 499 U.S. at 494 and *Wise v. Fulcomer*, 958 F.2d 30, 34 (3d Cir. 1992)).

 In this case, the Government never pled the abuse of the writ doctrine in the underlying Superior Court proceedings. While this omission may ordinarily constitute waiver of that defense, the Government's failure to · plead is likely directly attributable to the Superior Court *sua sponte* denying Hughley's petition before the time for the Government to file an answer expired. *Accord Mustafa v. Camacho*, 59 V.I. 566, 571 n.2 (V.I. 2013) ("[S]ince Appellees were never placed on notice that the Appellate Division intended to disregard [the rule] and consider Appellants' appeal on the merits notwithstanding their failure to pay, we do not find any waiver in this case."). However, even if the Government were to invoke the abuse of the writ doctrine on remand, we question whether the doctrine would foreclose Hughley's petition. Although Hughley's July 2001 and December 2009 habeas corpus petitions both allege ineffective assistance of trial counsel with respect to the decision to deliberately select an all-female jury, we note that the December 2009 petition also raises additional issues that were not adjudicated by that earlier opinion, including the argument that the all-female jury violated his due process and equal protection rights. Moreover, the Third Circuit has itself held that the very creation of this Court constitutes "genuinely exceptional circumstances for disregarding the law of the case doctrine" with respect to prior decisions of the Appellate Division and the Third Circuit, even in cases involving the same parties. *Hodge v. Bluebeard's Castle, Inc.*, 392 Fed. Appx. 965, 975 (3d Cir. 2010). Because it is well established that the court of last resort for a state or territory is not bound by decisions of its regional federal court of appeals or any other lower federal court — even those interpreting the United States Constitution — but need only follow the

United States Supreme Court,[7] the possibility of future review by this Court could provide a justification for the Superior Court to consider Hughley's second habeas corpus petition on the merits.

## V. CONCLUSION

For the reasons elucidated above, we affirm the order of the Superior Court dismissing Hughley's motion for a sentence reduction as untimely, but reverse the order denying his petition for writ of habeas corpus and remand that matter to the Superior Court for further proceedings.

---

[7] *See, e.g., State v. Montano*, 206 Ariz. 296, 77 P.3d 1246, 1247 n. 1 (2003) (Arizona Supreme Court finding it was not bound by the Ninth Circuit's interpretation of the United States Constitution); *People v. Dunlap*, 975 P.2d 723, 748 (Colo. 1999) (Colorado Supreme Court explaining it was not bound by Tenth Circuit's interpretation of federal constitutional requirements); *Stratos v. Dep't of Pub. Welfare*, 387 Mass. 312, 439 N.E.2d 778, 786 n. 8 (1982) (Supreme Judicial Court of Massachusetts finding that although the calculation of an award under § 1988 was governed by federal law, it was not bound to follow the method adopted by the First Circuit); *Cash Distributing Co., Inc. v. Neely*, 947 So. 2d 286, 294 (Miss. 2007) ("While this Court often defers to Fifth Circuit decisions interpreting federal law, we are under no obligation to do so."); *State v. Robinson*, 319 Mont. 82, 82 P.3d 27, 30 (2003) (Montana Supreme Court refusing to follow Ninth Circuit's interpretation of federal law, stating the Courts of Appeals "do not have appellate jurisdiction over the state courts and their decisions are not conclusive on state courts, even on questions of federal law"); *Lincoln Elec. Sys. v. Neb. Pub. Serv. Comm'n*, 265 Neb. 70, 655 N.W.2d 363, 371 (2003) (Nebraska Supreme Court noting that while state courts are bound by the United States Supreme Court's interpretation of federal law, they are not bound by circuit courts' interpretations); *Commonwealth v. Cross*, 555 Pa. 603, 726 A.2d 333, 338 n.4 (1999) (Pennsylvania Supreme Court holding that it was not bound by Third Circuit decisions interpreting United States Supreme Court jurisprudence); *Lundborg v. Keystone Shipping Co.*, 138 Wn.2d 658, 981 P.2d 854, 862-63 (1999) (Washington Supreme Court refusing to follow Ninth Circuit's interpretation of federal maritime law issue).