**GENT MOSBY, Appellant/Petitioner**
**v.**
**RICK T. MULLGRAV, DIRECTOR OF THE BUREAU OF**
**CORRECTIONS, Appellee/Respondent**

S. Ct. Civil No. 2015-0117

Supreme Court of the Virgin Islands

August 9, 2016

GENT MOSBY, Oakwood, Va., *Pro se.*

SU-LAYNE U. WALKER, ESQ., Assistant Attorney General, St. Thomas, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

### (August 9, 2016)

HODGE, *Chief Justice.* Gent Mosby appeals from the Superior Court's October 30, 2015 opinion and order, which denied his petition for writ of habeas corpus as procedurally barred. For the reasons that follow, we reverse.

## I. BACKGROUND

On January 2, 1996, the Government of the Virgin Islands charged Mosby and four co-defendants with several offenses related to the death of Stephen Hodge. A jury trial commenced in the Superior Court on August 6, 1996, which resulted in the jury finding Mosby guilty of first-degree murder, conspiracy to commit murder, four counts of unauthorized possession of a firearm, and threatening a witness. After the Superior Court denied his motion for judgment of acquittal or new trial and announced its sentence, Mosby filed a notice of appeal on November 12, 1996, with the Appellate Division of the District Court, which possessed jurisdiction to hear appeals from the Superior Court until this Court assumed its role as the court of last resort for the Virgin Islands on January 29, 2007. *Hypolite v. People*, 51 V.I. 97, 101 (V.I. 2009). There, Mosby's direct appeal languished for 15 years, until the Appellate Division affirmed his convictions. *Mosby v. Gov't of the V.I.* (*Mosby I*),

55 V.I. 1138 (D.V.I. App. Div. 2011). Mosby then appealed to the United States Court of Appeals for the Third Circuit, which also affirmed. *Gov't of the V.I. v. Mosby* (*Mosby II*), 512 Fed. Appx. 253 (3d Cir. 2013).

Mosby filed a petition for writ of habeas corpus with the Superior Court on June 12, 2015. Without ordering an answer from the Government, the Superior Court denied the petition in an October 30, 2015 opinion and order. *Mosby v. Mullgrav* (*Mosby III*), Super. Ct. MC. No. 63/2015, 2015 V.I. LEXIS 130 (V.I. Oct. 29, 2015) (unpublished). Although the Superior Court identified several technical errors with Mosby's petition, it concluded that these defects were not favorable and were curable by amendment. Nevertheless, it denied the habeas petition because it concluded that all of Mosby's claims were procedurally barred, since all of his asserted errors had either been presented and rejected on direct appeal, or constituted trial errors that the Superior Court concluded could not be raised for the first time in a habeas corpus proceeding. *Id.*, 2015 V.I. LEXIS 130, at **7-9. Mosby timely filed his notice of appeal with this Court on November 19, 2015. *See* V.I.S.CT.R. 5(a)(1) ("In a civil case [where] the Government of the Virgin Islands . . . is a party, the notice of appeal may be filed by any party within 60 days after such entry [of judgment].").

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

■ This Court has appellate jurisdiction over "all appeals from the decisions of the courts of the Virgin Islands established by local law." 48 U.S.C. § 1613a(d); *see also* 4 V.I.C. § 32(a) (granting this Court jurisdiction over "all appeals arising from final judgments, final decrees or final orders of the Superior Court"). Because the Superior Court's October 30, 2015 opinion and order denying Mosby's habeas petition is a final order within the meaning of section 32, we have jurisdiction over this appeal. *Suarez v. Gov't of the V.I.*, 56 V.I. 754, 759 (V.I. 2012) ("An order denying a petition for a writ of habeas corpus is a final order . . . from which an appeal may lie.").

■ "A trial court's conclusions of law in dismissing [or denying] a petition for writ of habeas corpus are subject to plenary review." *Mendez v. Gov't of the V.I.*, 56 V.I. 194, 199 (V.I. 2012).

264

## B. Mosby's Petition is Not Procedurally Barred

■ ■ The Superior Court correctly recognized that, under Virgin Islands law, a petition for writ of habeas corpus should be granted and the matter set for an evidentiary hearing on the merits if the petitioner has set forth a prima facie case for relief, and the petition is not procedurally barred. *Rivera-Moreno v. Gov't of the V.I.*, 61 V.I. 279, 313 (V.I. 2014) (citing 5 V.I.C. §§ 1304, 1311). The gravamen of this appeal is whether the Superior Court correctly denied Mosby's habeas corpus petition as procedurally barred. We conclude that the Superior Court erred in this regard, and remand this matter to the Superior Court so that it may determine whether Mosby set forth a prima facie case for relief.[1]

■ In determining that his habeas petition was procedurally barred, the Superior Court placed undue weight on the fact that Mosby had appealed his convictions to the Appellate Division and the Third Circuit. Relying on *Rodriguez v. Bureau of Corrections*, 58 V.I. 367 (V.I. 2013), the Superior Court concluded "that a habeas corpus proceeding is not a vehicle for revisiting issues which were raised and decided on direct appeal," and that any argument considered on direct appeal could not be raised in a habeas petition. *Mosby III*, 2015 V.I. LEXIS 130, at *7. Similarly, the Superior Court — relying on case law from other jurisdictions — determined that the issues that had not been raised on direct appeal were also procedurally barred in the absence of any

---

[1] In its appellate brief, the Government claims that Mosby did not "directly address" the Superior Court's finding that his petition was procedurally barred, and that therefore we should apply Supreme Court Rule 22(m) to deem the issue waived and summarily affirm the underlying decision. (Appellee's Br. 4.) First, as a *pro se* litigant, Mosby is entitled to "great leeway" from this Court "in matters of procedures and pleading." *Carrillo v. CitiMortgage, Inc.*, 63 V.I. 670, 679 (V.I. 2015) (quoting *Etienne v. Etienne*, 56 V.I. 686, 691 n.5 (V.I. 2012)). However, even without this leeway, it is clear that Mosby has addressed this aspect of the Superior Court's decision in his appellate brief. Mosby expressly states in his appellate brief that "[t]he Superior Court committed reversible error by ruling that [his] claims . . . are procedurally barred because he failed to raise these 'new' issues on his direct appeal, and . . . does not present any compelling reasons as to why he was unable to impart these legal arguments to the Appellate Division and the Third Circuit Court of Appeals during the appellate process." (Appellant's Br. 2.) Moreover, in the body of his brief, Mosby argues that ineffective assistance of counsel, prejudice, and a fundamental miscarriage of justice all provide independent bases for excusing any procedural default in his habeas petition. (Appellant's Br. 12-18.) Consequently, we review the Superior Court's October 30, 2015 decision on the merits.

"extenuating circumstances" to "explain why [Mosby] was unable to address them on appeal." *Id.*, 2015 V.I. LEXIS 130, at *8.

The *Rodriguez* decision was an extension of this Court's earlier holding in *Ibrahim v. Gov't of the V.I.*, S. Ct. Civ. No. 2007-0076, 2008 V.I. Supreme LEXIS 20 (V.I. Jan. 18, 2008) (unpublished), in which we relied on federal case law interpreting the federal habeas corpus statute to conclude that a habeas petition cannot re-litigate issues previously decided. However, this Court has both implicitly and expressly rejected this portion of *Ibrahim* and *Rodriguez* in its subsequent cases. In a case decided six months after *Rodriguez*, this Court refused to apply the *per se* ban applied in *Ibrahim* and *Rodriguez* — despite acknowledging its existence — and instead applied the common law abuse of the writ doctrine to determine whether a successive habeas corpus petition should be deemed procedurally barred. *George v. Wilson*, 59 V.I. 984, 990 (V.I. 2013).

■ ■ The following year, this Court declined to apply either the *Ibrahim/Rodriguez* rule or the abuse of the writ doctrine to a case where an issue raised in a habeas corpus petition had been rejected on the merits in the petitioner's prior appeals to the Appellate Division and the Third Circuit, because "the very creation of this Court constitutes genuinely exceptional circumstances for disregarding . . . prior decisions of the Appellate Division and the Third Circuit, even in cases involving the same parties." *Hughley v. Gov't of the V.I.*, 61 V.I. 323, 337 (V.I. 2014) (internal quotation marks and citation omitted). And most recently, this Court resolved any doubt about the continuing validity of the *Ibrahim/Rodriguez* rule by expressly stating that this Court did not intend to "announce a categorical, unforgiving ban on recognizing issues in a habeas corpus petition that could have been raised in an earlier direct appeal," and that "[a]ny such implication has already been implicitly rejected in our subsequent cases and, as a policy matter, is not operative in the Virgin Islands." *Rivera-Moreno*, 61 V.I. at 302-03 (citing *George*, 59 V.I. at 989-90). Rather, this Court — applying a decision of the Supreme Court of California interpreting the California statute from which the Virgin Islands habeas corpus statute had been borrowed — held that a habeas corpus petition could raise issues that were, or could have been, raised on direct appeal to the Appellate Division or the Third Circuit, without proving extenuating circumstances, provided that the

issues involve a question of law rather than a question of fact.[2] *Rivera-Moreno*, 61 V.I. at 303 (citing *In re Dixon*, 41 Cal. 2d 756, 264 P.2d 513, 516 (1953)).

 In this case, the Superior Court recognized in its October 30, 2015 opinion that Mosby alleged "prosecutorial misconduct" and "violation of due process" in his habeas petition. *Mosby III*, 2015 V.I. LEXIS 130, at *4. These are quintessential questions of law. *See, e.g.*, *Shah v. Gonzales*, 265 Fed. Appx. 80, 81 (3d Cir. 2008) ("We review de novo questions of law, including whether a petitioner's right to due process was violated."); *Angulo v. Bunnell*, No. 91-55538, 1991 U.S. App. LEXIS 30292, **1-2 (9th Cir. 1991) (unpublished) ("Whether prosecutorial misconduct rises to the level of a due process violation

---

[2] Recently, this Court held that "[w]here a petitioner properly raised an issue on direct appeal to *this Court*, and *this Court* rejected it on the merits, the petitioner is procedurally barred from re-litigating that issue through a habeas petition." *Blyden v. Gov't of the V.I.*, 64 V.I. 367, 378 (V.I. 2016) (emphases added) (citing *In re Harris*, 5 Cal. 4th 813, 21 Cal. Rptr. 2d 373, 855 P.2d 391, 398 (1993)). However, in that same decision, we reaffirmed the holding of *Hughley* that there is no procedural bar to raising an issue in a habeas petition if the direct appeal had been taken to the Appellate Division or the Third Circuit pursuant to their former appellate jurisdiction over the Superior Court:

> This is not to say that an issue raised on direct appeal taken from the Superior Court to the Appellate Division of the United States District Court of the Virgin Islands and the United States Court of Appeals for the Third Circuit before this Court was created would be procedurally barred. Indeed, "the Third Circuit has itself held that the very creation of [the Supreme Court of the Virgin Islands] constitutes 'genuinely exceptional circumstances for disregarding the law of the case doctrine' with respect to prior decisions of the Appellate Division and the Third Circuit, even in cases involving the same parties." *Hughley v. Gov't of the V.I.*, 61 V.I. 323, 337 (V.I. 2014) (quoting *Hodge v. Bluebeard's Castle, Inc.*, 392 Fed. Appx. 965, 975 (3d Cir. 2010)). As we explained in *Hughley*, "[b]ecause it is well established that the court of last resort for a state or territory is not bound by decisions of its regional federal court of appeals or any other lower federal court — even those interpreting the United States Constitution — but need only follow the United States Supreme Court, the possibility of future review by this Court could provide a justification for the Superior Court to consider [a petitioner's] habeas corpus petition on the merits," even where the issues raised in the petition have already been addressed by the Appellate Division and Third Circuit in an appeal taken before this Court's creation. *Hughley*, 61 V.I. at 337-38; *see also Hodge v. Bluebeard's Castle, Inc.*, 62 V.I. 671, 685-92 (V.I. 2015) (holding that this Court is not bound by decisions of the Appellate Division or the Third Circuit, even where those decisions concern the same parties and legal issues); *Hamed v. Hamed*, [63 V.I. 529, 534-35 (2015)] (explaining that Appellate Division and Third Circuit decisions are not binding on the Superior Court).

*Blyden*, 64 V.I. at 378 n.6.

warranting habeas relief is a legal question reviewed de novo."); *State v. Smith*, 212 N.J. 365, 54 A.3d 772, 784 (2012) ("When an appellate court reviews a claim of prosecutorial misconduct . . . the issue presented is one of law."). And while the Superior Court characterized Mosby's claim that the People knowingly presented perjured testimony at trial as a question of fact, such a claim — if ultimately sustained — could be a violation of the doctrine announced by the United States Supreme Court in *Giglio v. United States*, 405 U.S. 150, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972). *See People v. Ward*, 55 V.I. 829, 842 (V.I. 2011) ("A *Giglio* violation . . . is a type of *Brady* [*v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963)] violation in which 'the undisclosed evidence reveals that the prosecution knowingly made false statements or introduced or allowed trial testimony that it knew or should have known was false.' ") (quoting *Smith v. Sec'y, Dep't of Corr.*, 572 F.3d 1327, 1333 (11th Cir. 2009)). This, too, is a question of law. *See, e.g., United States v. McGill*, 815 F.3d 846, 922 (D.C. Cir. 2016) ("Whether the government violated its obligations under *Brady* or *Giglio* is a question of law that we review de novo."); *United States v. Kohring*, 637 F.3d 895, 901 (9th Cir. 2010) ("We review de novo a district court's *Brady/Giglio* determinations and all other questions of law.").

 Consequently, we reverse the Superior Court's October 30, 2015 opinion and order, and remand the case so that the Superior Court may determine whether Mosby has established a prima facie case on any of his claims and, if necessary, grant the petition and set the matter for a hearing. In reaching this decision, we reiterate that issues raised on direct appeal to the Appellate Division and the Third Circuit are not procedurally barred in a local habeas corpus action. Therefore, while the fact that the Appellate Division and the Third Circuit affirmed Mosby's convictions does not establish a procedural bar providing that Mosby is *per se* banned from seeking habeas relief, Mosby still maintains the burden of establishing a prima facie case for relief, meaning that he must establish facts that — if true — would entitle him to relief. *Rivera-Moreno*, 61 V.I. at 311. Thus, the Superior Court should not misinterpret our holding that Mosby's habeas petition is not procedurally barred as a determination that he has set forth a prima facie case on all or some of his claims.

## III. CONCLUSION

The Superior Court erred when it held that all of Mosby's claims were procedurally barred as a result of his direct appeals to the Appellate

Division and the Third Circuit. Accordingly, we reverse the Superior Court's October 30, 2015 opinion and order, and remand the matter so that it may determine whether Mosby has set forth a prima facie case for relief on any of his claims.